UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

MARK SOLIMAN,

        Plaintiffs,

-against-

DAIMLER AG, MERCEDES-AMG GMBH,
MERCEDES-BENZ USA, LLC, PROGRESSIVE
NORTHEASTERN INSURANCE COMPANY,

        Defendant.
----------------------------------------X

**ORDER**
**10 CV 408 (SJF) (AKT)**

FEUERSTEIN, J.

I.    Introduction

On June 8, 2009, *pro se* plaintiff initiated this action against Daimler AG, Mercedes-AMG GmbH, Mercedes-Benz USA, LLC (collectively, "the Mercedes defendants"), and Progressive Northeastern Insurance Company ("Progressive") to recover damages for injuries sustained in an automobile accident. Plaintiff filed a second amended complaint ("the complaint") on November 30, 2009. On July 14, 2010, 2010, Progressive filed a motion to dismiss the complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Pursuant to a referral, Magistrate Judge A. Kathleen Tomlinson issued a Report and Recommendation on February 9, 2011 (the "Report") which recommended that Progressive's motion be granted. The Court adopted the Report as unopposed on February 24, 2011. On February 25, 2011, plaintiff's objections were filed. Plaintiff's objections are deemed to include a motion for reconsideration.

1

II. Factual Background

Plaintiff was injured in a car accident in which he was the front seat passenger. Report at 1. The vehicle's owner, the wife of the driver, had insured the vehicle with Progressive. *Id.* Plaintiff claims that, as a result of the accident he experienced broken bones in his legs and arms and a head injury which included a laceration treated with ten (10) staples. *Id* at 2. Plaintiff states that he was unable to work for three (3) months. *Id.*

Plaintiff, represented by Alan Weinreb ("Weinreb"), filed personal injury and lost wage claims which were handled by Progressive. *Id.* at 3. Progressive settled the personal injury lawsuit and denied plaintiff's claim for lost wages. *Id.* Following two (2) hearings before the New York No-Fault Arbitration Tribunal plaintiff's claim for lost wages was denied. *Id.* at 4. The decision was affirmed by the Master Arbitrator. *Id.*

Plaintiff now contends that the vehicle in which he was injured contained a design flaw which caused the accident and plaintiff's injuries. Progressive acquired the vehicle, sold it to a salvage yard, and notified plaintiff of the sale on April 7, 2009. *Id.* at 5.

Plaintiff has not objected to the foregoing facts as articulated in the Report or the application of New York law except where noted.

III. Discussion

    A. Timeliness of Motion

A motion for reconsideration must be served within fourteen (14) days of the entry of the order. L.R. 6.3. As the order was entered on February 24, 2011, plaintiff's motion for

2

reconsideration is timely.

Plaintiff was ordered to file objections within fourteen (14) days of service of the report. An affidavit of service filed by Progressive indicates that the Report was served by overnight delivery service on February 10, 2011. DE 218. The triggering date is not to be counted when computing time. Fed. R. Civ. P. 6(a)(1)(A). Plaintiff's objections were received by the Court on February 25, 2011, fifteen (15) days after service. Although plaintiff states that he served and postmarked the objections on February 22, 2011 in an "Affidavit of Service," Obj. at 14, it is not notarized, and does not qualify as a substitute for an affidavit pursuant to Local Civil Rule 1.10.

B. Report and Recommendation

However, assuming plaintiff's objections were timely, they are nevertheless overruled.

1. Standard of Review

Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court, however, is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. See Thomas v. Arn, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985). To accept the report and recommendation of a magistrate judge to which no timely objection has been made, the district judge need only be

satisfied that there is no clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); Baptichon v. Nevada State Bank, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x. 374 (2d Cir. 2005); Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Insofar as plaintiff does not object to the Report, the Court is satisfied that the Report is not facially erroneous. Plaintiff's objections discussed below are reviewed *de novo*.

2. Spoliation of Evidence

Plaintiff objects to the Report's consideration of his spoliation of evidence claim "alone," and argues that it should have considered it in the context of his allegations of collusion between Weinreb and Progressive. Objections ("Obj.") at 6. Plaintiff argues that the claim is based upon a conspiratorial business relationship between Progressive and Weinreb.

New York law does not recognize a claim for third-party negligent spoliation of evidence. Ortega v. City of New York, 9 N.Y.3d 69, 876 N.E.2d 1189, 845 N.Y.S.2d 773 (N.Y. 2007); MetLife Auto & Home v. Joe Basil Chevrolet, Inc., 1 N.Y.3d 478, 807 N.E.2d 865, 775 N.Y.S.2d 754 (N.Y. 2004). Therefore, to the extent plaintiff's claims are based upon Progressive's failure to preserve the vehicle as evidence for plaintiff's claim against the Mercedes defendants, his objections are overruled and these claims are dismissed.

3. Lost Wage Claim

Plaintiff does not contest that his claim for lost wages resulting from the accident were decided by the arbitrator and therefore are barred by the principle of collateral estoppel. See Martin v. Geico Direct Ins., 31 A.D.3d 505, 818 N.Y.S.2d 265 (N.Y. 2006).

However, Plaintiff argues that he is entitled to damages for the "lost value of [his] time upon launching one project vertical while developing 4-other projects when being injured in a vehicle insured by [Progressive]." Obj. at 7. The basis of this claim is unclear. Insofar as plaintiff purports to seek damages for economic loss incurred as a result of his voluntary participation in the lost wages arbitration, after a finding against him, plaintiff provides no legal support that such a claim is cognizable.

4. Remaining Medical Expense Coverage

Plaintiff contends that the finding that the arbitration was not full and fair because it did not award him medical expenses. Obj. at 8. The objection misconstrues the Magistrate's recommendation. With respect to plaintiff's remaining medical coverage, the Report applied Roggio v. Nationwide Mut. Ins. Co., 66 N.Y.2d 260, 261, 496 N.Y.S.2d 404, 487 N.E.2d 261 (N.Y. 1985) which held that "a claimant denied recovery [pursuant to the No-Fault law] in arbitration as to certain medical bills cannot then turn to the courts seeking recovery of later medical bills arising from the same accident." As plaintiff chose arbitration to adjudicate Progressive's denial of his claim, this Court is not the proper forum insofar as plaintiff seeks

5

damages for remaining medical expenses arising from the same accident.

Plaintiff contends that he should not be estopped from pursuing damages in this Court because the arbitration was not full and fair. Plaintiff does not contest that he had the opportunity to present his claim and documentary evidence in support of that claim to the arbitrator. Report at 12-13. Moreover, plaintiff availed himself of the opportunity to appeal the arbitrators decision. *Id.* at 13. Plaintiff has not established how he was prevented from fully litigating his case before the arbitrator. His contention that the arbitration was not full and fair because "arbitration didn't even award [him] the medical expenses needed to remove foreign objects from inside his body" and that the arbitrators, his former attorney, and the owners of the Mercedes defendants are all Jewish do not support his claim. *See* Obj. at 8.

4. Relief for Professional Misconduct

Plaintiff contends that the Report failed to address his claim that Progressive did not have a license to sell insurance "for a vehicle in New York, out of Florida." Obj. at 9. However, the Report discusses Progressive's license to sell insurance in New York, and finds no private right of action for plaintiff's claim. As there is no clear error in this section of the Report, plaintiff's objection to the recommendation to dismiss his professional misconduct claim based upon Progressive's lack of license to sell insurance is overruled.

Although plaintiff contends that Progressive committed "professional misconduct" by making multiple demands for copies of plaintiff's "records" and misusing them once they were obtained, obj. at 9-10, the Report correctly finds that the complaint fails to allege facts to support

his conclusions that Progressive turned over records that he provided to its managing members, and that Progressive and Weinreb had a "history." Report at 17-18. Even if there were such a conspiracy, plaintiff has not alleged how this alleged conspiracy affected him, arguing that discovery would reveal if it "was ever discussed, and if it influenced decision making in any way." *Id.* Without facts to support these allegations, the complaint fails to state a claim for the challenged conduct. Nor has plaintiff alleged facts that, if true, demonstrate that Progressive's defense of the arbitration and claim disputes, including the request for documents and motion practice, go beyond zealous representation and constitute harassment.

5.  Other Objections

Plaintiff's other complaints fail to raise specific objections to the Report. In any event, Magistrate Judge Tomlinson's Report contains no clear error, and therefore, Plaintiff's general objections to the Report are overruled.

II. Conclusion

For the reasons stated above, Plaintiffs objections are overruled, and Progressive's

motion is granted.

**SO ORDERED.**

/s/ Sandra J. Feuerstein
SANDRA J. FEUERSTEIN
United States District Judge

Dated: April 27, 2011
　　　　Central Islip, New York